IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

Case No. 7:18-CR-00035-M

UNITED STATES OF AMERICA,

    Plaintiff,

v.

VICTOR DEMETRIOUS WATSON,

    Defendant.

ORDER

This matter comes before the court on the Defendant's *pro se* motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). DE 59. For the reasons contained herein, the motion is DENIED.

I.    **Abbreviated Factual and Procedural History**

On May, 19, 2018, the Defendant was charged with three criminal counts: (1) possessing firearms in and affecting commerce having been convicted of a crime punishable by imprisonment for more than one year, in violation of 18 U.S.C. §§ 922(g)(1) and 924; (2) possessing with the intent to distribute a quantity of a mixture containing a detectible amount of heroin, in violation of 21 U.S.C. § 841(a)(1); and (3) possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A). On August 13, 2018, pursuant to a written plea agreement, the Defendant pled guilty to Counts 2 and 3, and the government agreed to dismiss Count 1.

The Defendant, as a career offender, faced a guidelines range of 262 to 327 months' imprisonment. DE 36 ¶ 70. The Defendant's criminal history began at age 16 with a conviction for assault with a deadly weapon and continued over the next seven years of the Defendant's life with numerous drug and weapon-related charges. DE 36 ¶¶ 17–25. The record further indicates

that the Defendant was a high-ranking member of the Bloods. DE 36 at 2. Indeed, as the government indicated at sentencing, following the Defendant's placement in custody for the instant offense, the Brunswick County Sherriff's Office observed "their rate of shootings ha[d] gone down dramatically." DE 58 at 8. In short, Defendant was a serious offender who faced a significant amount of time in custody. Nevertheless, on February 19, 2019, the district court departed downward and sentenced the Defendant to 120 months' incarceration.

On February 4, 2025, the Defendant filed the pending motion for compassionate release. DE 59. In it, the Defendant explains that although his Section 924(c) conviction makes him ineligible for time credits under the First Step Act, he has accomplished a significant amount of rehabilitative programming, completed a significant portion of his sentence, and has potentially secured gainful employment beyond prison. *Id.* Based on these reasons, the Defendant asks this court to reduce his sentence and immediately release him. *Id.* The United States filed a response in opposition to the pro se motion. DE 66. The matter is now ripe for consideration.

## II. Legal Standards

Typically, a sentencing court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). "Congress provided an exception to that general rule . . . which permits courts to reduce a sentence or permit immediate release based on extraordinary and compelling reasons warranting such relief." *United States v. Centeno-Morales*, 90 F.4th 274, 278 (4th Cir. 2024) (quoting 18 U.S.C. § 3582(c)) (cleaned up). Once, these requests could only come from the Director of the Federal Bureau of Prisons. 18 U.S.C. § 3582(c)(1)(A) (2002). Following the passage of the First Step Act, however, federal inmates were authorized to directly file motions for compassionate release once they "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or [at] the lapse of 30 days

2

from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Id.*; *see also Centeno-Morales*, 90 F.4th at 279.

In considering these motions, a district court must conduct a two-step analysis. *Id.* First, the court must determine whether a defendant is eligible for a sentence reduction because he or she has demonstrated extraordinary and compelling reasons for release. 18 U.S.C. § 3582(c)(1)(A)(i); *United States v. Hargrove*, 30 F.4th 189, 194–95 (4th Cir. 2022). Any potential sentence reduction must also be consistent with applicable policy statements issued by the United States Sentencing Commission, and the Commission has promulgated a non-exhaustive list of circumstances constituting acceptable "extraordinary and compelling" rationales. *United States v. Davis*, 99 F.4th 647, 654 (4th Cir. 2024); U.S.S.G. § 1B1.13(b). Because this list is non-exhaustive, a district court "has authority to consider any 'extraordinary and compelling reason' that a defendant might raise, regardless of the Sentencing Commission's pronouncements or . . . definitions." *United States v. Hall*, No. 09-CR-0520, 2024 WL 1485724, at *1 (D. Md. Apr. 5, 2024) (citing *United States v. McCoy*, 981 F.3d 271, 284 (4th Cir. 2020)).

Second, if the court finds there are extraordinary and compelling reasons for a sentencing modification, it must then evaluate the relevant § 3553(a) sentencing factors. *Centeno-Morales*, 90 F.4th at 279. The defendant bears the burden of showing why the § 3553(a) factors justify a modified sentence, *id.*, and a court may deny the defendant's motion based on its own analysis of the factors, even if an extraordinary and compelling circumstance exists, *see United States v. Kibble*, 992 F.3d 326, 331–32 (4th Cir. 2021).

### III. Analysis

Based on the requirements of § 3582(c)(1)(A), the Defendant's motion requires the court to consider (1) whether he exhausted his administrative remedies; (2) if so, whether extraordinary

3

and compelling reasons exist warranting a reduction of his sentence; and (3) if so, what, if any, sentence reduction is appropriate after considering the applicable 18 U.S.C. § 3553(a) factors.

Before filing a motion under 18 U.S.C. § 3582(c)(1)(A), the defendant must first exhaust the administrative process established by the BOP or allow "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A); *see also United States v. Ferguson*, 55 F.4th 262, 267 (4th Cir. 2022) (clarifying that a "defendant is not required to exhaust his administrative remedies with the BOP *at all* beyond making the initial request for compassionate release"). The Fourth Circuit has additionally held "that the statute's requirement that a defendant satisfy the threshold requirement before filing a motion in the district court is a non-jurisdictional claim-processing rule." *United States v. Muhammad*, 16 F.4th 126, 130 (4th Cir. 2021). And as such, "it may be waived or forfeited." *Id.* Inasmuch as the United States fails to assert that the Defendant has not exhausted his administrative remedies, the court declines to address that requirement. *Cf. United States v. May*, 855 F.3d 271, 275 (4th Cir. 2017) ("Because the government failed to raise this non-jurisdictional limitation below, it is waived on appeal."); *United States v. Davis*, 99 F.4th 647, 653 (4th Cir. 2024) ("The government did not raise this issue below. . . . Thus, the government has waived the issue of exhaustion, and it is not a barrier to remand.").

a. Extraordinary and Compelling Reasons

Broadly, the Defendant asks the court to find that two reasons rise to the level of extraordinary and compelling: the Defendant's alleged rehabilitation and the Defendant's alleged completion of a significant portion of his sentence. The court is unconvinced and finds that neither contention rises to meet the high bar of an extraordinary and compelling reason.

The Sentencing Guidelines provide a list of circumstances that may rise to the level of an

4

extraordinary and compelling reason for a sentence reduction, including the "Medical Circumstances of the Defendant," the "Age of the Defendant," the "Family Circumstances of the Defendant," whether the Defendant is a "Victim of Abuse," and if the Defendant faces "an Unusually Long Sentence." U.S.S.G. § 1B1.13(b)(3). There is not, however, an "exhaustive list as to what may be considered extraordinary and compelling." *United States v. Johnson*, 143 F.4th 212, 216 (4th Cir. 2025). Indeed, § 1B1.13(b)(5) provides that extraordinary and compelling reason may exist when "[t]he defendant presents any other circumstance or combination of circumstances," whether "considered by themselves or together with any of the reasons described in paragraphs (1) through (4)," so long as they are "similar in gravity." The Guidelines do, however, specifically note that the "rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement." U.S.S.G. § 1B1.13(d). Rehabilitation may merely "be considered in combination with other circumstances . . . ." *Id.*

Here, the court finds that Defendant has not demonstrated circumstances that are "similar in gravity" to those outlined in § 1B1.13(b)(3). First, as the Guidelines make clear, the Defendant's self-proclaimed rehabilitation cannot reach the high bar of an extraordinary and compelling reason standing on its own. U.S.S.G. § 1B1.13(d). And while the court commends the Defendant on the completion of programming while incarcerated, including his certification as a personal trainer and efforts toward an associate's degree in pastoral ministry, the court reminds the Defendant that he is *expected* to make those efforts to better himself while incarcerated. The fact that other individuals with less serious convictions are offered additional incentive by the First Step Act does not make the Defendant's meeting of this basic expectation extraordinary. As the Section 3553(a) factors make clear, criminal sentences are not only meant to give convicted individuals an opportunity to rehabilitate themselves; criminal sentences must also do justice for harm done,

5

protect the public, and deter similar criminal conduct. *See* 18 U.S.C. § 3553(a). This Defendant caused a significant amount of harm, and his rehabilitative efforts do not, on their own, alleviate the court's continued commitment to justice, deterrence, and protection of the public.

Additionally, the Defendant incorrectly contends that he has served eighty percent of his sentence. The Defendant was arrested and detained in April 2018, meaning he can have completed no more than eighty-eight months, or 73%, of his original sentence. Regardless, the Guidelines only advise that the percentage of a sentence completed is relevant when the Defendant "is at least 65 years old; is experiencing a serious deterioration in physical or mental health because of the aging process; and has served at least 75 percent of his or her term of imprisonment." U.S.S.G. § 1B1.13(b)(2) (cleaned up). As the Defendant has not pled the percentage completed in addition to any other relevant reason, the court does not find it an extraordinary circumstance.

b. Section 3553(a) Factors

As the Defendant has not demonstrated an extraordinary and compelling reason for relief, the court declines to determine how the relevant § 3553(a) factors counsel regarding a reduced sentence.

### IV. Conclusion

For these reasons, Defendant's *pro se* motion, DE 59, is DENIED.

SO ORDERED this __29th__ day of August, 2025.

RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE

6